**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BENJAMIN PANKEY,** | ) | **CASE NO.  4:09CV617** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KEITH SMITH, Warden,** | ) | |
| | ) | **ORDER** |
| **Respondent.** | ) | |
| | ) | |

This matter is before the Court upon Petitioner's Objection to the Magistrate

Judge's Report and Recommendation ("R&R").  (Dkt. # 26).

**I. BACKGROUND**

Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254 on March 20, 2009.  (Dkt. # 1).  This case was referred to Magistrate Judge James

S. Gallas for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636

and LR 72.1, on May 20, 2009.  Respondent filed a Return of Writ on August 7, 2009.

(Dkt. # 9).

On September 22, 2009, the Magistrate Judge issued a report and

recommendation, recommending that the Court dismiss the petition.   (Dkt. # 14).

Petitioner failed to file objections within ten days of the issuance of the Magistrate

1

Judge's report and recommendation.  On October 29, 2009, the Court adopted Magistrate Judge Gallas' report and recommendation and dismissed the instant petition.  (Dkt. # 16, 17).

Petitioner filed a Motion for Relief from Judgment on November 12, 2009.  (Dkt. # 19).  Petitioner asserted that he did not receive a copy of the Magistrate Judge's report and recommendation, and therefore was not afforded an opportunity to file objections. Respondent did not dispute that Petitioner may not have received a copy of the report and recommendation and, therefore, did not oppose Petitioner's Motion for Relief from Judgment.  (Dkt. # 22).  The Court determined that it was plausible that Petitioner did not receive a copy of the Magistrate Judge's report and recommendation and, therefore, was not afforded an opportunity to file objections.  The Court granted Petitioner's Motion for Relief from Judgment and allowed Petitioner to file objections to the Magistrate Judge's R&R.  (Dkt. # 23).

## II. PETITIONER'S OBJECTIONS

Petitioner first briefly objects to the Magistrate Judge's statement that "Mr. Pankey did not file a traverse."  (Dkt. # 26 at 1); <u>see also</u> (Dkt. # 14 at 4).  Petitioner states that, based upon Rule 5(e) of the Rules Governing § 2254 Cases, he did not file a traverse because no time was set for filing such by the Magistrate Judge.  Pursuant to Rule 5(e), a "petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."  Rules Governing § 2254 Cases, Rule 5(e), 28 U.S.C. foll. § 2254.  However, because the Court finds that the factual basis for the petition and

2

the applicable law are fully set forth in the petition and answer, and that Petitioner was not prejudiced by the lack of a traverse, Petitioner's objection is overruled.

The primary focus of Petitioner's remaining objections is the Magistrate Judge's finding, with respect to Grounds One through Three of the petition, that the state trial court's decision regarding Petitioner's request to represent himself at trial was not contrary to or an unreasonable application of clearly established federal law. Indeed, Petitioner makes several passing references to ineffective assistance of counsel, but states, "[F]rankly we are not attempting to dwell on any of those issues. It is the denial of the right to pro se representation that is the crux of our objection and primary ground." (Dkt. # 26 at 19).

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a defendant in state court the right to self-representation. Faretta v. California, 422 U.S. 806, 819-21 (1975). A defendant's choice to invoke such right is also a choice to proceed without the assistance of counsel to which he is constitutionally entitled. Id. at 835. Therefore, the choice is in part a waiver, which must be made knowingly and intelligently. Id. Accordingly, "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Id. (internal quotations omitted).

In the instant matter, Petitioner asserts that he was denied the right to represent himself when counsel was appointed over his objection at arraignment, and when no

<u>Faretta</u> hearing was held at the November 7, 2006, status hearing upon his pro se motion and oral request to represent himself.  The state court of appeals denied relief on Petitioner's self-representation claim, finding that the trial court addressed his request to proceed pro se by assuring him that defense counsel was competent and would vigorously defend Petitioner.  The state court further found that Petitioner acquiesced in the trial court's suggestion that Petitioner allow counsel to remain, and that Petitioner made no further request to proceed pro se in the thirty days prior to trial, nor during trial.  The appellate court thus found that it was reasonable for the trial court to believe that Petitioner's objection to counsel had been resolved and that no further inquiry was necessary.  <u>State v. Pankey</u>, 2008 WL 2486523, ¶¶14-31 (Ohio App. 7 Dist. 2008).

On federal habeas review, the Magistrate Judge determined that the state court's decision with respect to Petitioner's pro se representation claims was neither contrary to nor an unreasonable application of clearly established federal law.  (Dkt. # 14 at 10-11).  The Magistrate Judge found that after the trial court initially addressed his concerns regarding counsel, Petitioner's failure to raise the pro se representation issue throughout the pendency of the case constituted a waiver by conduct of any such objection.  (Dkt. # 14 at 10-11).

"It is hornbook law that '[w]hen an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel'."  <u>United States v. Iles, 906 F.2d 1122, 1130 (6th Cir.1990)</u> (citation omitted).  Nevertheless, a defendant who asserts his or her right to

4

proceed pro se can, after the court has inquired into the reasons for the request and attempted to resolve the defendant's concerns, waive by conduct his request to proceed without counsel. United States v. Jackson, 304 Fed.Appx. 424, 429 (6th Cir. 2008) ("[T]he post-arraignment acquiescence of the defendant in representation by his newly appointed attorney amounted to a waiver by conduct of the right to self-representation."). "[D]efendants forfeit self-representation by remaining silent at critical junctures before or during trial." Cain v. Peters, 972 F.2d 748 (7th Cir. 1992) (holding that defendant's failure to reassert his request to proceed pro se constituted a waiver by conduct where the court took steps to try to alleviate defendant's initial concerns). The Sixth Circuit has noted that where a court attempts to remedy the concerns underlying a defendant's desire to proceed without counsel, "[i]t would certainly be unreasonable…to hold that the [trial] court abused its discretion in failing to hold a *sua sponte* Faretta hearing," absent a further objection by the defendant. Jackson, 304 Fed.Appx. at 429.

In the instant matter, the trial court did inquire into the reasons for Petitioner's dissatisfaction with appointed counsel and tried to alleviate Petitioner's concerns by reassuring him that counsel was competent. (Dkt. # 9-3 at 8-10). Petitioner never again raised the issue of pro se representation in the thirty days prior to trial or at trial. It was not unreasonable, therefore, for the trial court to presume that Petitioner's concerns had been addressed and that he was abandoning his request to proceed pro se.

Finally, Petitioner asserts that his failure to pursue his request to proceed pro se was due to his "being duck-taped [sic] with an electronic stun-gun apparatus" and guarded by two uniformed deputies at trial. (Dkt. # 26 at 13). The Court is not

persuaded by Petitioner's assertion.  First, these security measures did not preclude the Petitioner from instructing counsel to raise the pro se representation issue, which Petitioner does not indicate that he did.  Moreover, Petitioner's trial was continued thirty days from the status conference at which his pro se request was last raised.  At no time during that pre-trial period did Petitioner raise the issue of proceeding pro se, despite having ample time to do so.  See Cain, 972 F.2d at 750.

The Court has reviewed the Magistrate Judge's findings with respect to the pro se representation claims raised in Grounds One through Three of the instant petition and finds that they are well-supported.  Petitioner's objections are without merit and are, therefore, overruled.

Petitioner also makes sporadic reference throughout his objections to his claims of ineffective assistance of counsel.  See (Dkt. # 26 at 11, 15, 18).  In each instance, Petitioner attempts to restate, in part, the merits of his ineffective assistance claims.  The Magistrate Judge, however, found that the claims of ineffective assistance presented in Grounds Six and Seven of the instant petition were procedurally defaulted.[1]  Petitioner does not object to the finding of procedural default.  The Court has reviewed the Magistrate Judge's findings with respect to the ineffective assistance of counsel claims raised in Grounds One through Three of the instant petition and finds that they are well-supported.  Petitioner's objections are without merit and are, therefore, overruled.

---

[1] The Magistrate Judge construed Petitioner's supplement, filed on June 24, 2009, as a seventh ground of the original petition.  Petitioner states in his objections, "There never was any 7th Ground of Error but merely informance [sic] of why no continued protest, and why we assert the appointed counsel was ineffective: see, ground 6, supplemented."

6

## III. CONCLUSION

For the foregoing reasons, Petitioner's objections to the Magistrate Judge's report and recommendation are hereby **OVERRULED**.  (Dkt. # 26).  Therefore, the Court finds no reason to alter or amend its Judgment entered on October 20, 2008.

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus – March 24, 2010**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

7